BADGER LUMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

BADGER LUMBER & COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25117.   Promulgated May 20, 1931.

*Phil D. Morelock, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

OPINION.

LANSDON: The respondent has determined a deficiency in income tax for the fiscal year ended April 30, 1923, in the amount of $8,560.52, and overassessments for the fiscal years ended April 30, 1924 and 1925, in the respective amounts of $27.36 and $1,655.81. At the hearing the parties agreed that this Board has no jurisdiction as to the overassessments determined by the respondent as above set out. On the authority of *Cornelius Cotton Mills*, 4 B. T. A. 255, the petition as to such years is dismissed. The petitioner alleges five errors of the respondent in computing its tax liability for the fiscal year ended April 30, 1923, but at the hearing abandoned three of its allegations. At the hearing the respondent confessed error as to a fourth allegation which averred that he had erroneously determined that a certain expense item in the amount of $2,881.47 was a capital expenditure. In the recomputation under Rule 50, this amount will be deducted from petitioner's gross income as an ordinary and necessary expense in the taxable year. The only question submitted to the Board is whether the amount of $9,221.19 which the parties agree was paid by the petitioner in the year under review should be regarded as dividends on preferred stock or interest on borrowed money, deductible from income as an ordinary and

necessary expense. The proceeding was submitted on stipulations which were accepted by the Board and by reference are incorporated in this report.

The Badger Lumber Company is a Missouri corporation which was organized in 1886. The Badger Lumber & Coal Company, its subsidiary, was incorporated under the laws of Missouri in 1920. The parties have stipulated that the two corporations were affiliated in the taxable year. A consolidated income-tax return for such year was filed by the parent corporation, against which the deficiency here in controversy was asserted. Both corporations joined in the appeal and the petition is properly verified by an officer of each.

The Badger Coal & Lumber Company was organized with charter provisions for authorized capital of $2,000,000, divided into 10,000 shares of common and 10,000 shares of preferred stock of the par value of $100, each, and all such stock was subscribed and paid for in cash before or at the date of incorporation in 1920. The charter provides that the preferred stock shall be entitled to cumulative dividends at the rate of 7 per cent per annum, payable semiannually out of net earnings in any one year and before the payment of any dividends on the common stock. The charter also provides that upon dissolution or liquidation of the corporation and before any payment is made on the common stock, the holders of preferred stock shall be entitled to receive the face value of such stock and that if in any year or years dividends have not been paid to the full amount of 7 per cent upon the face value, there shall be paid in addition a sum equal to the deficiency. The preferred stock has no voting power.

In conformity with charter provisions the Badger Lumber & Coal Company upon organization issued preferred stock for cash in the full authorized amount of $1,000,000, in 10 series of $100,000, each, designated as Series A to J, inclusive. Series A was retirable on July 30, 1926, and the remaining series annually at July 30 until July 30, 1935, when J series becomes retirable. The corporation had the right to retire any full series upon an anniversary of its organization upon the payment of a premium of $2 per share in addition to face value and any deficiency in dividends unpaid at such time.

The petitioner's contention in respect of its dividends on preferred stock declared and paid in the taxable year is not supported by the record. There is no evidence that either the corporation or the holders of such stock ever regarded the amounts paid therefor as loans. The charter provided for the issue of preferred stock as a part of the authorized capitalization. The stock was subscribed, paid for and issued at about the time the corporation was organized. The funds so secured were not used for any temporary emergency,

but became a part of the capital structure from which no withdrawals were possible at the election of the owners. On any anniversary of its organization the corporation had the right·to retire an entire series of such stock at par with all accrued and unpaid dividends plus a premium of $2 per share. Beginning July 30, 1926, about six or seven years after the issue, the stock in question was retirable. We think the language of the charter and of the preferred stock contract indicates very clearly that such retirement was not compulsory upon the corporation, but optional with it. There is, therefore, no basis for the contention of the petitioner that the funds secured by the issue of the preferred stock had a fixed maturity date. At the option of the corporation the stock could be retired either before or after the dates fixed in the charter. Nor was there any fixed rate of interest, except in the event of retirement or liquidation. The dividends could be paid only out of net earnings in any one year and any unpaid deficiency under 7 per cent was deferred until retirement of the shares or liquidation of the corporation. No preferred stockholder had any claim, even against net earnings, in any given year until the dividends were declared out by proper corporate action. In the event of liquidation general creditors were senior to preferred stockholders. In our opinion the funds acquired by the sale of preferred stock in the circumstances herein were at risk in the business and were not loans by the holders of such stock. Dividends on such stock are not deductible from income.

We have had similar questions before us in several prior proceedings and our decisions have been uniformly adverse to the contentions of the petitioner. *Kentucky River Coal Corporation*, 3 B. T. A. 644; *Leasehold Realty Co.*, 3 B. T. A. 1129; *Finance & Investment Corporation*, 19 B. T. A. 643. See also *Armstrong* v. *Union Trust & Savings Bank*, 248 Fed. 268.

*Decision will be entered under Rule 50.*